**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 22-80028-CR-CANNON/REINHART(s)

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

ALLEN JAMES SWEETENBERG,

       Defendant.

_____/

**DEFENDANT'S SENTENCING MEMORANDUM AND**
**MOTION FOR DOWNWARD DEPARTURE AND/OR VARIANCE**

The Defendant, Allen James Sweetenberg, respectfully files this sentencing memorandum and requests consideration for the imposition of a lenient sentence. Beyond its contents, the Defendant looks forward to the opportunity to set forth additional information at his sentencing hearing.

On August 29, 2022, the defendant pled guilty to Count One of a four-count Superseding Indictment charging him with possession with intent to distribute a detectable amount of cocaine base, commonly known as "crack" cocaine, and cocaine, in violation of 21 U.S.C. § 841(a)(1). The charge to which the Defendant pleaded Guilty is punishable by up to twenty years imprisonment. There is also the legal potential for a fine, as well as a special assessment. The Guideline range, as calculated by the United States Probation Office, is 151 to 188 months.

Pursuant to the Plea Agreement, and the controlling legal authority, the Defendant has the opportunity to present factual information to assist the Court in making a sentencing determination, pursuant to Title 18 U.S.C. § 3553, as well as United States vs. Booker, 543 U.S.

220 (2005).   This Sentencing Memorandum is being filed pursuant to Rule 32 of the Federal Rules of Criminal Procedure, U.S.S.G. § 6B1.4, 18 U.S.C. § 3553(a) and § 3661.   The Defendant, Allen James Sweetenberg, is requesting that this Court consider all materials contained within, and after computing an Advisory Guideline range, fashion an appropriate and reasonable sentence which is sufficient but not greater than necessary to meet the goals of sentencing, as outlined in 18 U.S.C. § 3553(a).

## I.      INTRODUCTION

As an initial matter, the Defendant acknowledges that he has pleaded guilty to the instant offense.   The Defendant is facing a recommended Guideline sentence of between 151 to 188 months imprisonment. Facing this substantial sentence, the Defendant has had much time to reflect on his actions and is dedicated to emerging from this situation a stronger person.

The Defendant recognizes that his offense is serious and requires the appropriate attention of this Court. The Defendant in no way seeks to minimize his conduct; but submits this Memorandum solely in support of his request that his sentence is no greater than necessary to achieve the goals of sentencing under § 3553(a).

In the instant case, as to this specific defendant, mitigating factors exist demonstrating that a penalty of 151 – 188 months imprisonment is in conflict with the sentencing mandate under 18 U.S.C. § 3553(a), which requires this Court to impose a sentence that is "sufficient, but not greater than necessary to achieve the goals of sentencing." Mitigating factors that this Court should take into consideration under § 3553(a) include: (1) the unduly harsh result of the application of the Career Offender Guidelines, (2) the Defendant's age, and (3) a more lenient sentence is sufficient to deter future criminal conduct.  These factors all combine to demonstrate

that a sentence of  151 – 188 months imprisonment is well beyond what is necessary to achieve the goals of sentencing under § 3553(a)(2).

## II.      THE KINDS OF SENTENCES AVAILABLE

This Court has been charged by Congress to impose a sentence which, in its judgment, is sufficient but not greater than necessary to meet the goals of sentencing.  Because the Guidelines are no longer mandatory, the sentences which the Court may consider include, on the low end, probation to, on the high end, the statutory maximum of twenty (20) years imprisonment.

## III.     THE "ADVISORY" GUIDELINE RANGE WHICH THE COURT MUST "CONSIDER"

Although this Court is no longer required (barring a departure) to impose sentence within the correctly calculated guideline sentencing range, 18 U.S.C. § 3553(a)(4)(A) still requires the Court to calculate and then "consider" that range.  The parties are in agreement that the guideline range, as outlined in the Presentence Investigation Report, has been correctly calculated.

Since Mr. Sweetenberg qualifies as a Career Offender, he automatically has a Criminal History Category of VI.  Based upon the maximum penalty for the crime to which the defendant has pleaded guilty, he has a total offense level of 29.  Application of the Career Offender Guidelines to this case produces an advisory guideline range of 151 – 188 months imprisonment. However, given the information contained in this Memorandum, the defense would argue that a sentence well below the correctly calculated guideline range is appropriate.

## IV.     THE DEFENDANT REQUESTS A DOWNWARD DEPARTURE OR VARIANCE BASED UPON THE UNDULY HARSH SENTENCE GENERATED BY THE CAREER OFFENDER GUIDELINES, WHICH CONFLICT WITH THE EXPRESSED GOALS OF SENTENCING SET FORTH IN 18 U.S.C. § 3553(a)(2).

### A. Criminal history/career offender guidelines improperly inflate the advisory guideline sentence

**In the instant case, if the defendant was not scored as a career offender, his adjusted offense level would be 15, with a criminal history category VI, producing a guideline range of 41 – 51 months**. Much of the defendant's scoreable criminal history is comprised of drug related crimes. As reported in the PSR at paragraphs 92 through 97, the defendant has been a daily marijuana user since the age of 12 or 13; and used cocaine for the first time at the age of 14. Mr. Sweetenberg lived in and out of shelters since he was 12 years of age, sleeping in parking lots for approximately one year. *See* PSR at paragraph 77. Mr. Sweetenberg has literally lived in the streets, on his own, since the age of 14. Id. Up until the time of his arrest, he was using cocaine and Molly on a daily basis. Notably, despite his history of incarceration, Mr. Sweetenberg has never had the opportunity to participate in a substance abuse program. He has expressed a sincere desire to do so. *See* Letter from Defendant, attached as **Exhibit "A"**. The defense will be requesting an RDAP recommendation at the time of sentencing.

As in many other instances, the Career Offender guidelines in this case improperly inflate the advisory guideline sentencing range. *See, e.g.*, U.S. v. Hodges, 2009 WL 366231 (E.D. N.Y., Feb. 12, 2009) (rejecting career offender range for 43-year-old whose prior convictions were remote, non-violent, and reflected his drug addiction, and the most serious offense occurred in his early twenties, leading to a 10 year sentence that he completed); U.S. v. Moreland, 568 F. Supp. 2d 674 (S.D. W. Va. 2008) (career offender guideline range of 30 years to life rejected in favor of 120 months for a man convicted of sale and possession of small amount of cocaine base, with a non-violent record so meager that the total quantity involved in his entire criminal history "would rattle around in a matchbox", and whose predicate offenses had no temporal proximity to each other or the instant offense).

**B. The Sentencing Commission has recognized that the career offender designation can overstate the risk of recidivism.**

Even the Sentencing Commission itself has recognized that a career offender guideline sentence can overstate the risk of recidivism. *See U.S. Sentencing Commission, Fifteen Years of Guideline Sentencing 133-34 (Nov. 2004)* ("Incapacitating a low-level drug seller prevents little, if any, drug selling; the crime is simply committed by someone else."*);* U.S. v. Ortiz, 502 F.Supp.2d 712 (N.D. Ohio 2007) (imposing a non-Guidelines sentence because of unwarranted disparities with codefendant sentences, and expressing problems with career offender guideline which fails to distinguish between offenders moving larger and smaller quantities of drugs); U.S. v. Franklin, 2005 WL 1330959 (D.Kan. May 25, 2005) (unpub.) (noting the Commissions' finding that career offender provision overstates the likelihood of recidivism for drug trafficking offenders and particularly African-Americans, but rejecting departure here due to defendant's extensive criminal history).

**C. Career offender designation conflicts with purposes of sentencing**

As this Court is well aware, after taking into consideration the properly calculated guideline sentence, it is then the Court's duty to impose a sentence which is sufficient but not greater than necessary to achieve the goals of sentencing, as outlined in 18 U.S.C. § 3553(a). As applied to this case, and many others, the career offender guidelines directly conflict with the enumerated goals of sentencing. *See, e.g.*, U.S. v. Mishoe, 241 F.3d 214 (2d Cir. 2001) (a large disparity between the length of the prior sentences imposed and the guidelines sentence may indicate that a career offender term provides a deterrent effect in excess of what is required and may "constitute a mitigating circumstance present 'to a degree' not adequately considered by the Commission."); U.S. v. Fernandez, 436 F. Supp. 2d 983 (E.D. Wis. 2006) (career offender range of 188-235 months for defendant convicted of two prior sales when he was age 20 was greater

5

than necessary to satisfy sentencing purposes. Absent career offender finding, guidelines called for 87-108 months; court imposed 126 months in part because Commission's study showed that in cases of low-level street dealers, career offender status often produces sentences far longer than prior sentences and greater than necessary to deter a defendant from re-offending).  That is certainly the case with Mr. Sweetenberg.  In scoring the defendant as a career offender, the PSR relies on crimes committed 12 – 13 years ago.  Crimes for which the defendant has already paid his debt to society.  To so drastically increase the penalty in this case based upon that remote criminal conduct is counterproductive and inconsistent with the goals of sentencing.

V.      **THE DEFENDANT REQUESTS A DOWNWARD DEPARTURE OR VARIANCE BASED UPON HIS AGE**

As a 38 year-old man facing a lengthy term of imprisonment, the Defendant stands before this Court humbled, and in more trouble than he could have ever thought possible. The Defendant's age makes it less likely that he will commit other crimes in the future. After Booker, many sentencing Courts have considered a defendant's age as a factor for sentencing under §3553(a), independent of the Guidelines. *See* Simon v. United States, 361 F.Supp.2d 35, 48 (E.D.N.Y. 2005); United States v. Thomas, 360 F.Supp.2d 238, 243 (D. Mass. 2005). Despite his recent criminal conduct, defendant has made great strides in life as he has grown older.  The PSR details his efforts at maintaining lawful employment since his release from prison, including forming his own personal training business

The Court's consideration of age is justified given findings of the Sentencing Commission. According to the Commission, for defendants over 40, the risk of recidivism drops dramatically, lessening the need to protect the public from further crimes of the defendant under 3553(a)(2)(c). *See* United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines at 12, available at

www.ussc.gov/publicat/Recidivism_General.pdf.    The Commission noted that, "[r]ecidivism rates decline relatively consistently as age increases," from 35.5% under age 21, to 9.5% over age 50. Id.

## VI.    DETERRANCE

There are two major purposes of deterrence.  The first is to ensure that the sentence imposed sufficiently deters this Defendant from similar conduct in the future.  The second is deterring others from becoming involved in a similar crime in the future.

### A.    Specific deterrence: Section 3553(a)(2)(C): *the need "to protect the public from further crimes of the defendant."*

The Defendant's prompt confession of guilt and acceptance of responsibility for his actions suggests specific deterrence.  Given the guidelines calculation in this case, and his understanding of the way the career offender guidelines work, the defendant is keenly aware that any future criminal activity will result in very substantial consequences.

### B.    General deterrence.

Certainty of punishment serves as a general deterrent effect far more than its severity. *General deterrence is served (beyond whether the sentence is a few years or months more harsh or more lenient) because it is known to others that this Defendant, and those similarly situated, are jailed, separated, and held in places that are mostly inaccessible to their loved ones.  This is an extraordinarily great penalty.*

While some believe the higher the sentence the greater the effect in deterring others, empirical research shows no relationship between sentence length and deterrence.  *Deterrence in*

*Criminal Justice-Evaluating Certainty vs. Severity of Punishment*, November 2010, The

Sentencing Project.[1]

> Existing evidence does not support any significant public safety benefit of the practice of increasing the severity of sentences by imposing longer prison terms. In fact, research findings imply that increasingly lengthy prison terms are counterproductive.  Overall, the evidence indicates that the deterrent effect of lengthy prison sentences would not be substantially diminished if punishments were reduced from their current levels.

The research finding is that "deterrence works," but only in the sense that there is less crime with

a criminal justice system than there would be without one.  But the question for Your Honor is

also "marginal deterrence," *i.e.*, whether any particular additional quantum of punishment will

result in increased deterrence and thus decreased crime.

## VII.    CONCLUSION

The Defendant pled guilty, and acknowledges his guilt.  The Defendant respectfully

provides this additional texture and sets forth in this memorandum issues that may suggest

mitigation of punishment that surround his criminal conduct.

WHEREFORE, the Defendant respectfully files this sentencing memorandum in support

of his request for a more lenient sentence, a downward departure, and/or a variance.

### CERTIFICATE OF SERVICE AND FILING

I HEREBY CERTIFY that this Motion has been electronically filed and served on all

parties via CM/ECF on the 12th day of December, 2022.

LAW OFFICES OF IAN GOLDSTEIN, P.A.
Counsel for Defendant
330 Clematis Street, Suite 209

---

[1]   That 2010 paper relies upon an extraordinary number of studies of recidivism by, (1) the U.S. Department of Justice, (2) well respected journals, (3) the Center for Economic and Policy Research, as well as, (4) conclusions reached by Steve Aos, Marna Miller, and Elizabeth Drake, "Evidence-Based Public Policy Options to Reduce Future Prison Construction, Criminal Justice Costs, and Crime Rates," Olympia: Washington State Institute for Public Policy, 2006.

West Palm Beach, FL 33401
Tel: (561) 600-0950
Email: ian@iangoldsteinlaw.com

*/s/ Ian J. Goldstein*
IAN J. GOLDSTEIN, ESQUIRE
Florida Bar No. 0085219